UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROWLAND PUGH, | | CV F   04 5933 OWW LJO P |
| | Plaintiff, | |
| v. | | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (Doc. 1.) |
| L. BOOS, | | |
| | Defendants. | |

Rowland Pugh ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on July 6, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on March 22, 1999, while serving a sentence at the California Substance Abuse Facility (CSATF), Corcoran State Prison, he was attacked by two prisoners when Defendant Boos approached him from behind, grabbed Plaintiff and swung him around into the wall. Plaintiff states he hit his the wall face first and sustained a lump and bleeding to his right eye brow. Defendant Boos then swung Plaintiff onto the ground face first and Plaintiff sustained another lump and bleeding to his forehead. The two prisoners proceeded to kick and stomp on Plaintiff. Plaintiff alleges that Defendants actions constituted "wanton and unnecessary mental and physical pain, injury torture, discomfort and suffering" and constituted cruel and unusual punishment. Plaintiff is seeking monetary damages.

**C. CLAIMS FOR RELIEF**

   *1. Excessive Force*

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the

1 amount of force used, and the extent of injury inflicted are relevant to the ultimate determination.
2 Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not
3 need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S.
4 at 7.

5      Although the Complaint sufficiently alleges a cognizable claims for relief under Section
6 1983, the Court finds that the Complaint was filed outside the statute of limitations and is
7 therefore barred.

### 2. *Statute of Limitations*

9      The Ninth Circuit has held that an action may be dismissed as frivolous where the defense
10 is complete and obvious from the face of the pleadings or the court's own records. Franklin v.
11 Murphy, 745 F.2d 1221, 1229 (1984). Where the Plaintiff raises a defense that would defeat the
12 action, the complaint fails to state a claim upon which relief can be granted. Id. In this case, the
13 Court finds the instant action is barred by the applicable statute of limitations.

14      The statute of limitations period for § 1983 actions is "a State's personal injury statute of
15 limitations." Wilson v. Garcia, 471 U.S. 261, 276 (1985); Owens v. Okure, 488 U.S. 235, 240-
16 41, 109 S.Ct. 573 (1989); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir.2000) ("The length
17 of the limitations period for § 1983 actions is governed by state law."); Cabrera v. City of
18 Huntington Park, 159 F.3d 374, 379 (9th Cir.1998) ("State law determines the statute of
19 limitations for § 1983 suits."). However, federal law determines when a civil rights claim
20 accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal
21 law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the
22 basis of the action. Two Rivers v. Lewis, 174 F.3d 987, 991-91 (9th Cir. 1999); Elliott, 25 F.3d
23 801 (finding claim of excessive force during arrest accrued at time of arrest.)

24      In this case, Plaintiff's excessive force claim accrued on March 22, 1999, the date of the
25 attack. At this time, the applicable statute of limitations in California for Section 1983 claims
26 was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)
27 (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not
28 apply to claims that accrued prior to January 1, 2003). However, in actions where the federal

court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989).

Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Here, Plaintiff was incarcerated in 1999 at the time the claim accrued. Although it is unclear when Plaintiff was released from custody, assuming that he was incarcerated during the additional two year tolling period, Plaintiff's filing of the action on July 6, 2004 still exceeds the three year statute of limitations by two years.[1] Accordingly, the Court finds the instant action was filed outside the statute of limitations and thus, lacks any arguable basis in law and must be dismissed. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989) (holding dismissal as "frivolous" appropriate where Complaint lacks basis in law or fact); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1990); Franklin v. Murphy, 745 F.2d 1221, 1229 (1984) (holding dismissal as "frivolous" appropriate where defense complete and clear on face of the pleadings.)

## D. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under Section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the

---

[1] Similarly, were the Court to assume that the statute did not run until Plaintiff exhausted his administrative remedies, Exhibit A to the Complaint demonstrates that Plaintiff's Director's level appeal, which completes administrative exhaustion within the California Department of Corrections, was issued on March 20, 2000. The limitations period, however, even with the maximum tolling allowed under the statute, would have expired in March of 2003.

4

1  Court RECOMMENDS that this action be dismissed in its entirety.

2      It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
3  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
4  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
5  Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
6  of this Report and Recommendation, any party may file written objections with the Court and
7  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
8  Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
9  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
10 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

11     The parties are advised that failure to file objections within the specified time may waive
12 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
13 1991).

14 IT IS SO ORDERED.

15 **Dated:    March 7, 2006**           /s/ Lawrence J. O'Neill
    b9ed48                              UNITED STATES MAGISTRATE JUDGE